# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASHAWN DIXON, | |
| Plaintiff, | Civ. No. 16-3146 (KM) (MAH) |
| v. | |
| DET. JUAN BONILLA, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter was previously administratively terminated as Plaintiff had not paid the filing fee and his application to proceed *in forma pauperis* was incomplete. Subsequently, Plaintiff filed another application to proceed *in forma pauperis* such that the Clerk will be ordered to reopen this case. Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the Complaint will be screened in due course.

Therefore, IT IS this 29th day of September, 2016,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby granted; and it is further

ORDERED that the Complaint shall be filed; and it is further

ORDERED that **SUMMONS SHALL NOT ISSUE**, at this time, as the Court's *sua sponte* screening has not yet been completed; and it is further

ORDERED that the time to serve process under FED. R. CIV. P. 4(m) is hereby extended to the date 90 days after the Court permits the Complaint to proceed; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of the Middlesex County Adult Correctional Center; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge