UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASHAWN DIXON, | : |
| Plaintiff, | : Civ. No. 16-3146 (KM) (MAH) |
| v. | : |
| DET. JUAN BONILLA, et al., | : OPINION |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The plaintiff, Dashawn Dixon, is a pretrial detainee at the Middlesex County Jail. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed in part, but permitted to proceed in part.

### II. BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening Opinion. The complaint names three defendants: (1) Detective Juan Bonilla; (2) Woodbridge Police Department; and (3) the State of New Jersey.

Mr. Dixon alleges that Bonilla arrested him on warrants that was never signed by any court official. Copies of the warrants are attached to the complaint. The warrants indicate that Mr. Dixon was arrested in February 2016 on charges relating to weapons and receipt of stolen

property. Bonilla was the officer who certified that the statements in the warrant were true. Mr. Dixon also alleges that Bonilla seized his cellphone and his girlfriend's automobile.

Mr. Dixon seeks the return of the property seized, a dismissal of the criminal charges against him, and his immediate release. In a document filed after he submitted his complaint, Mr. Dixon also states that he is seeking monetary damages from the defendants.

### III.  LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

3

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A. <u>Deprivation of Property</u>

Mr. Dixon argues in part that the defendants are liable to him under § 1983 for depriving him of his cellphone and his girlfriend's automobile. Issues of standing with respect to the deprivation of his girlfriend's automobile aside, Mr. Dixon fails to state a constitutional claim with respect to this deprivation of property. Indeed:

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1–1, *et seq.* Because a meaningful post-deprivation remedy is available, Mr. Dixon has failed to state a due process claim against the defendants with respect to the purported taking of his cell phone and girlfriend's automobile. Therefore, this claim will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

4

B. <u>Dismissal of Criminal Charges/Release from Custody</u>

Mr. Dixon also requests the dismissal of the criminal charges against him and/or his immediate release from custody. A person may not obtain equitable relief under § 1983 ordering release from confinement. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Wolff v. McDonnell,* 418 U.S. 539, 554 (1974). When a person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser,* 411 U.S. at 500. If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement, then that person could evade the requirements contained in the federal habeas statutes, such as exhaustion of available state court remedies, a one year statute of limitations, and severe restrictions on second or successive petitions. *See* 28 U.S.C. §§ 2244, 2254(b)(1), (c). Therefore, to the extent that Mr. Dixon requests the dismissal of his criminal charges and/or his immediate release, such a claim is dismissed with prejudice.

C. <u>Monetary Damages</u>

As indicated above, Mr. Dixon filed a document after he submitted his complaint that indicates that he is also seeking monetary damages from each of the defendants named in his complaint. This Court will treat those claims as if they had been raised in the original complaint. Each defendant will be analyzed separately.

    i.    <u>State of New Jersey</u>

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by

5

Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Accordingly, "[t]he rule has evolved that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Shahin v. Delaware,* 345 Fed.Appx. 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *See Gromek v. Maenza,* 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

The State of New Jersey is immune from a § 1983 suit for monetary damages. Mr. Dixon's monetary damages claim will be dismissed with prejudice as against the STate.

    ii.    <u>Woodbridge Police Department</u>

Mr. Dixon is also attempting to bring suit against the Woodbridge Police Department. In a Section 1983 action, a municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior. See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, the complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City,* 436 U.S. 658 (1978). *See Hildebrand v. Allegheny Cnty.,* 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.,* 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint 'must identify a custom or policy, and specify what exactly that custom or policy was'); *Karmo v. Borough of Darby,* No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 25, 2014) (same). Accordingly, Mr. Dixon's claim for monetary damages against the Woodbridge Police

Department will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    iii.    Detective Juan Bonilla

Mr. Dixon is brings an unlawful/false arrest claim against Det. Bonilla. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Immunity is generally extended to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 202 (3d Cir. 2011) (citing *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." *Id.* (citing *Berg*, 219 F.3d at 273).

Mr. Dixon states that he was arrested based on warrants that were not signed by any judicial officer. He attaches copies of the warrants to his complaint, and these copies do not include a signature from a judicial officer. Once originals are obtained, the matter will probably be cleared up one way or the other. An arrest based on a warrant that did not in fact issue from, and was not signed by, a judicial officer, could be found unreasonable. Under these circumstances, and in light of the early stage of this litigation, I will permit the Mr. Dixon's unlawful/false arrest claim, as against Det. Bonilla only, to proceed past screening.

## V.   CONCLUSION

For the foregoing reasons, Mr. Dixon's claims for relief for return of property as well as the dismissal of his criminal charges and/or immediate release are dismissed with prejudice for failure to state a claim. Mr. Dixon's claim for monetary damages against the State of New Jersey is dismissed because the State is immune and is not a "person" for purposes of § 1983. Mr. Dixon's monetary damage claim against the Woodbridge Police Department is dismissed without prejudice for failure to state a claim of vicarious liability upon which relief may be granted. Mr. Dixon's unlawful/false arrest claim for monetary damages against Bonilla will be permitted to proceed past screening. An appropriate order will be entered.

DATED: December 27, 2016

_____
KEVIN MCNULTY
United States District Judge